THE STATE, ROBERT J. NEVIN ET AL., PROSECUTORS, PLAINTIFFS IN ERROR, v. ANDREW KROLLMAN, COL-LECTOR OF REVENUE OF THE CITY OF HOBOKEN, DEFENDANT IN ERROR.

An endowment of a religious society, college, academy, seminary of learning or public library, consisting of land, is not exempt from taxa-tion by the fifth section of supplement of April 11th, 1866, to the "act concerning taxes."

In error to the Supreme Court. For the opinion of the Supreme Court, see *ante p.* 323.

For the plaintiffs in error, *Besson* and *Gilchrist.*

For the defendant in error, *J. W. Vroom.*

The opinion of the court was delivered by

THE CHANCELLOR. The question presented is, whether an endowment consisting of land is within the exemption de-clared by the fifth section of the supplement of April 11th, 1866, to the "act concerning taxes." *Nix. Dig.* 951. That section exempts from taxation "the endowment or fund of any religious society, college, academy, seminary of learning or public library." The prosecutors insist that an endow-ment of land is within the exemption. All exemptions from general taxation are to be construed strictly, and though, in the general use of language, the endowment of an institution is the property or pecuniary means bestowed upon it as a permanent fund, yet in the connection in which the term is used in the section referred to, a more restricted signification must be given to it. That the words "endowment" and "fund" are there used as words *ejusdem generis,* and that they are employed to signify property other than land, is evi-dent from the context.

The subjects of exemption are declared to be, first, all colleges, academies or seminaries of learning, public libraries, school-houses, buildings erected and used for religious worship, and the land whereon the same are situate, necessary for the fair use and enjoyment thereof, not exceeding five acres for each one. The legislature thus excepts the buildings, and, to a certain extent, and to a certain extent only, the land on which they are situated; for the exemption as to the latter is confined to so much as may be necessary to the fair use and enjoyment of the buildings, with the further limitation as to quantity, that the exemption shall not extend beyond five acres. The section next exempts the furniture of the edifices and the personal property used therein, and it then exempts the endowment or fund. The extent to which the legislature intended to exempt the land is distinctly declared. In the same section the like discrimination, illustrating the design of the legislature in the use of the word under consideration, is made in respect to property used for charitable purposes. The buildings are exempted with a limited quantity of the land on which they are erected, and the furniture and personal property used in the buildings, and the " funds " collected and held exclusively for sick or disabled members, or for the widows of deceased members, or for the education, support and maintenance of the children of deceased members. The legislature certainly did not intend to exempt from the burdens of taxation all the land which might be acquired by gift by the religious, eleemosynary and literary institutions of the state referred to in the act, for their purposes. But such would, of course, be the necessary result of the construction contended for in this case, and though the land on which the edifice might stand would be exempted only to a limited extent, under the specific exemption the rest, however extensive, would, on that construction, notwithstanding the limitation, and manifestly contrary to the intention of the legislature, if acquired by gift for the purposes of the institution, be exempted as part of the endowment. The

·construction put upon the word "endowment" in this connection by the Supreme Court in *State* v. *Lyon*, 3 *Vroom* 360, is the true one.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DALRIMPLE, DEPUE, DIXON, KNAPP, REED, CLEMENT, DODD, GREEN, LILLY, WALES—12.

*For reversal*—None.